IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JEWELL GRIFFIN,** | Case No. 1: 25 CV 1954 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **CHIEF OF POLICE TODD HANSEN,** | MEMORANDUM OF OPINION AND ORDER |
| **Defendant.** | |

### Background

*Pro se* Plaintiff Jewell Griffin has filed a non-prisoner federal civil rights complaint in this case against Maple Heights Chief of Police Todd Hansen. (Doc. No. 1.) Although her allegations are not clear, it is apparent from her pleading that she contends Defendant has violated her rights by failing to respond to requests she has made for a criminal investigation to be opened, or for other action to be taken, in response to complaints she has reported of sexual assault of her children, "human trafficking" and "child trafficking," and "organized crime." (*Id*. at 3, ¶II.C.) She alleges "due process, equal protection, [and] freedom of speech" violations. (*Id*. at ¶II.B.)

The relief she seeks is $200,000 and for the Court to "open an immediate case and give [her] a witness protection program because this human traffick is r[u]n by police and government officials [that] are using military and people affiliated with their offices to hold [her] hostage in the organized crime." (*Id*. at 5, ¶ V.)

With her complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons, her complaint is dismissed.

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Further, although *pro se* pleadings are entitled to liberal construction, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).

Upon review, the Court finds that Plaintiff's complaint must be dismissed pursuant § 1915(e)(2)(B).

Even accepting as true Plaintiff's allegations that she and her children have been the target of criminal activity and that no investigation or other action has been taken in response to her reported

2

complaints of crime, she has failed to allege any plausible federal constitutional claim upon which she may be granted relief.

"[T]he law is...clear that there is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime." *White v. City of Toledo*, 217 F.Supp.2d 838, 841–42 (N.D. Ohio 2002) (internal quotation marks and citation omitted). As the court in *White* reasoned, "[s]uch discretionary public duties...are enforced by public opinion, policy, and the ballot, not litigation against individual officers [or] their civic employers." *Id.*, citing *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("No federal appellate court, including the Supreme Court...has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.") and *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007).

Accordingly, Plaintiff has no plausible constitutional due process claim based on Defendant's alleged failure to investigate or take other action with respect to her reports of crime. *See, e.g., Cullins v. Warren City Police Department*, Case No. 4:25-cv-995, 2025 WL 2371855, at *1 (N.D. Ohio Aug. 14, 2025) (dismissing *pro se* plaintiff's complaint alleging he was denied due process in violation of his civil rights on the basis "no investigation" was pursued after he filed a complaint of theft); *Hoskins v. Mayor of Akron, Ohio*, Case No. 5:25-cv-1987, 2025 WL 3179318, at *4 (N.D. Ohio Nov. 14,

3

2025) (dismissing plaintiff's due process claim based on the alleged failure of local authorities to investigate or attempt to apprehend or prosecute his reported assailant).

Plaintiff has also failed to allege a plausible constitutional equal protection claim. To state an equal protection claim, a plaintiff must show "intentional and arbitrary discrimination" by the state; that is, she must show that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). *See also Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006) (the threshold element of an equal protection claim is disparate treatment). Here, Plaintiff's allegations even liberally construed in no way suggest that she has been treated differently than any other similarly-situation individual in any respect, or that any decision Defendant made with respect to her complaints was based on a protected characteristic. Accordingly, any equal protection claim she asserts is unsupported and subject to summary dismissal. *See, e.g., Hoskins*, 2025 WL 3179318 at *4 (dismissing plaintiff's equal protection claim arising from allegations that no charges were filed against his assailant where plaintiff failed to allege facts demonstrating he was discriminated against on the basis of his membership in a protected class).

Finally, Plaintiff's complaint alleges no plausible constitutional "freedom of speech" claim. While the First Amendment protects "the right of the people ... to petition the Government for a redress of grievances," U.S. Const. amend. I, it "does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Accordingly, Plaintiff has not been deprived of her constitutional right to "freedom of speech" because Defendant did not investigate or take action with respect to her complaints of crime. *See Green v. City of Southfield*, 759 F. App'x 410, 415 (6th Cir. 2018) (citing

*Apple*, 183 F.3d at 479) (defendants' alleged failure to investigate a plaintiff's citizens' complaint about an accident could not form the foundation for a continuing violation claim "because a citizen cannot compel the government to investigate such a matter.").

### Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 12, 2025

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE